UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION


UNITED STATES OF AMERICA

VS.                                         CRIMINAL NO. 5:12-cr-2(DCB)(FKB)

ANGELA PRESLEY                                                      DEFENDANT


ORDER

This criminal action is before the Court on the defendant Angela Presley's First Amended Motion for Release Pending Appeal Combined with Motion for Reconsideration of Order of January 7, 2013 **(docket entry 52)**. After carefully considering the motion and the government's response, as well as the record in this case and the applicable law, the Court finds as follows:

The trial of this case took place August 20 through August 23, 2012. Presley was found guilty of all three counts in the indictment: (1) wire fraud in violation of 18 U.S.C. § 1343; (2) access device fraud in violation of 18 U.S.C. § 1029(a)(2); and (3) aggravated identity theft in violation of 18 U.S.C. § 1028A. On August 31, 2012, the Court denied the defendant's motion for judgment of acquittal pursuant to Rule 29. On October 16, 2012, the Court denied the defendant's motion for new trial pursuant to Rule 33. On November 30, 2012, the Judgment was entered and the defendant filed her notice of appeal that same day. On January 7, 2013, the Court denied the defendant's first motion for release pending appeal.

In her present motion, the defendant seeks release pending appeal and reconsideration of this Court's Order of January 7, 2013 Order. Federal Rule of Criminal Procedure 9(b)("Release Pending Appeal From a Judgment of Conviction") provides in pertinent part:

> Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof ....

Fed.R.Crim.P. 9(b). Section 3148(b) of the Bail Reform Act ("Release or detention pending appeal by the defendant") provides in pertinent part:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for writ of certiorari, be detained, unless the judicial officer finds -
>
> (A) by clear and convincing evidence that a person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
>   (i) reversal,
>
>   (ii) an order for a new trial,
>
>   (iii) a sentence that does not include a term of imprisonment, or
>
>   (iv) a reduced sentence to a term of imprisonment less

> than the total of the time already served plus the
> expected duration of the appeal process.

18 U.S.C. § 3143(b).

Under the Bail Reform Act, then, a convicted defendant must be detained pending appeal unless certain specific criteria are satisfied. The defendant has the burden of establishing the following four factors in order to obtain release on bail pending appeal:

> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
>
> (2) that the appeal is not for purposes of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if a substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

U.S. v. Valera-Elizondo, 761 F.2d 1020, 1025 (5th Cir. 1985); U.S. v. Giancola, 754 F.2d 898, 901 (11th Cir. 1985); U.S. v. Miller, 753 F.2d 19, 24 (3rd Cir. 1985).

In this case, the United States concedes that Presley is not a flight risk and that there is no evidence she would pose a danger to anyone if released. In addition, since the defendant filed her notice of appeal the same day judgment was entered, there is no evidence of delay, and the United States also concedes that this element is satisfied.

The issue before the Court, therefore, is the same as was

before the Court on Presley's initial motion: whether her appeal raises a "substantial question" of law or fact "likely" to result in a sentence that would not include imprisonment or a sentence shorter than the time it would take for her appeal to be completed. A "substantial question" is "a question that is either novel, which has not been decided by controlling precedent, or which is fairly doubtful." <u>Valera-Elizondo</u>, 761 F.2d at 1023 (citing <u>Miller</u>, 753 F.2d at 23). The Fifth Circuit has defined "likely" as meaning that, if an error is found, it is "more probable than not" that the appellate court will reverse the conviction or sentence. <u>Id</u>. at 1024.

In her previous motion, Presley offered no argument whatsoever concerning the third and fourth factors. Since the burden is on the defendant to establish all four factors, the Court found that by failing to raise any argument concerning a substantial question of law or of fact, Presley failed to meet her burden; therefore, her motion was denied.

The Fifth Circuit recognizes that, although there is no authority in the Federal Rules of Criminal Procedure for a "motion for reconsideration," its use has been "repeatedly and expressly sanctioned" by the Supreme Court. <u>U.S. v. Cook</u>, 670 F.2d 46, 48 (5th Cir. 1982)(citing <u>U.S. v. Dieter</u>, 429 U.S. 6 (1976); <u>U.S. v. Healy</u>, 376 U.S. 75 (1964); et al.). Courts have allowed use of a motion for reconsideration following the denial of a motion for

4

bail pending appeal.  See, e.g., United States v. Winzer, 2009 WL 111576 *1 (S.D. Tex. Jan. 15, 2009).  Motions to reconsider in criminal cases are treated like motions to reconsider in civil suits.  U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010)(citing U.S. v. Healy, 376 U.S. 75 (1964)).  Generally, courts apply the standards of Rule 59(e) of the Federal Rules of Civil Procedure.  J.D. Fields & Co., Inc. V. U.S. Steel Int'l, Inc., 690 F.Supp.2d 487, 510-11 (S.D. Tex. 2009).

"A Rule 59(e) motion 'calls into question the correctness of a judgment,' and thus 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" U.S. v. Citgo Petro. Corp., 1012 WL 5421303 at *8 (S.D. Tex. Nov. 6, 2012)(citations omitted).  Motions for reconsideration are not to be used to relitigate old matters or to present evidence that could have been raised before the entry of the judgment or order.  U.S. v. Lopez, 817 F.Supp.2d 918, 933 (S.D. Miss. 2011).  "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted, to battle for it again."  Rana v. Spectra Energy Corp., 2010 WL 3257523 at *2 (S.D. Tex. Aug. 17, 2010)(quoted in Citgo, 1012 WL 5421303 at *8).

"Federal courts recognize only three possible grounds for any motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of

5

law or prevent manifest injustice." Lopez, 817 F.Supp.2d at 932-33 (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990))(additional citations omitted).

> The high burden imposed on parties seeking reconsideration has been established to discourage litigants from making repetitive arguments on issues that have already been considered by the court, to ensure finality, and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters. Petitioner may neither repeat arguments already briefed, considered, and decided, nor advance new facts, issues, or arguments that could have been presented.

U.S. v. Olis, 2008 WL 5046342 at *31 (S.D. Tex. Nov. 21, 2008).

Presley offers no explanation for her failure to raise her "substantial question' argument in her previous motion. This is sufficient basis for denial of her motion. But even if she had offered a meritorious explanation for her failure to raise the issue previously, the Court finds her "substantial question" argument to be without merit for the following reasons.

In her motion for reconsideration, Presley argues that she can demonstrate a substantial question of law or of fact that is likely to result in a reversal or her conviction or sentence. To show that her appeal raises a "substantial question," she must identify a "close" question or one "that could very well be decided the other way" by the appellate court; in other words, she must show an allegation of error so convincing as to indicate "a substantial chance of prevailing" on appeal. Valera-Elizondo, 761 F.2d at 1024.

First, Presley argues that the jury verdict was against the overwhelming weight of the evidence.

> The standard of review on appeal of a claim that the evidence is insufficient to support a defendant's conviction is distinct from the "substantial question" standard applicable under the Bail Reform Act. Nevertheless, the standard of review on appeal of a claim of "insufficient evidence" aids resolution of the substantial question issue. On appeal a defendant "bears a heavy burden" in challenging the sufficiency of the evidence at trial to support his conviction.

U.S. v. Brown, 755 F.Supp. 942, 944 (D. Colo. 1991)(citations omitted). The Fifth Circuit has explained that in determining whether there is sufficient evidence to support a conviction, the court must determine "whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt. In so doing, we view the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in support of the jury verdict." United States v. Valles, 484 F.3d 745, 752 (5th Cir. 2007)(footnotes and citation omitted).

The Court has already found that there was sufficient evidence to support the jury's verdict. See Memorandum Opinion and Order denying defendant's Rule 29 motion (docket entry 32), and Memorandum Opinion and Order denying defendant's second Rule 29 motion and Rule 33 motion (docket entry 36). Presley adds nothing new in her present argument, and she has not identified a substantive issue that is likely to result in reversal of her conviction or a reduction in her sentence.

Second, the defendant contends that the jury instructions on the government's burden of proof "beyond a reasonable doubt" (Jury Instruction 3), and on circumstantial evidence "and the inferences drawn therefrom" (Jury Instruction 5), should have included the phrase "to the exclusion of every other reasonable hypothesis that could be drawn therefrom other than that of guilt." The Court instructed the jury on both the government's burden of proof and circumstantial evidence based on the Fifth Circuit Pattern Jury Instructions. The defendant did not object to these instructions, nor did she offer the language which she now proposes. Moreover, the proposed instruction would have been improper. U.S. v. Piper, 227 F.Supp. 735, 738 (N.D. Tex. 1964); Holland v. United States, 348 U.S. 121, 139-40 (1954). Thus, there is no substantial issue raised by this argument.

Finally, Presley's counsel (who is also her father) argues that he was ineffective in representing his daughter when he failed to seek a mistrial as a result of witness misconduct. A government witness, who was not released from her subpoena on completion of her testimony, was anticipated to be called back by the government in rebuttal. Defendant's counsel learned that the government's witness had contacted a witness called by the defense and inquired into that witness's testimony. Defense counsel informed the government of this improper contact, whereupon the government confronted its witness and confirmed that it had indeed occurred.

8

The government admonished its witness for violating the Court's order and the government's instructions; moreover, the government decided not to call its witness in rebuttal because of the circumstances.  The Court finds that no harm or prejudice to the defendant occurred, and this issue does not raise a substantial question.

The Court finds that the defendant has failed to overcome the presumption in favor of detention, inasmuch as she has not identified a "close" question or one "that could very well be decided the other way" by the appellate court; thus, she has not raised a substantial question likely to result in reversal of her conviction or a reduction in her sentence, and her motion must be denied.

Accordingly,

IT IS HEREBY ORDERED that the defendant Angela Presley's First Amended Motion for Release Pending Appeal Combined with Motion for Reconsideration of Order of January 7, 2013 **(docket entry 52)** is DENIED.

SO ORDERED, this the 13th day of May, 2013.

<pre>                                    /s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE</pre>