```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

UNITED STATES OF AMERICA

VS.                              CIVIL ACTION NO. 5:14-cv-40 (DCB)
                                 CRIMINAL NO. 5:12-cr-2(DCB)(FKB)

ANGELA PRESLEY                                     DEFENDANT / MOVANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Angela Presley ("Presley")'s Motion to Vacate Under 28 U.S.C. § 2255 **(docket entry 57)**. Having carefully considered the motion and the Government's response, as well as the arguments of counsel and the applicable law, and being fully advised in the premises, the Court finds as follows:

On February 7, 2012, an indictment was returned against Presley by a federal grand jury, charging her with wire fraud, credit card fraud and aggravated identity theft. (Record, pp. 11-13). On August 20, 2012, a jury trial began based on the indictment. (Record, pp. 11, 137). After the Government presented its case-in-chief, the defendant moved for a judgment of acquittal, and the Court denied the motion. (Record, p. 420). A similar motion was made after the defense rested and after the Government presented rebuttal testimony. (Record, p. 779). The Court took the motion under advisement. (Id.). On August 23, 2012, the case was submitted to the jury and shortly thereafter the jury returned a verdict of guilty on all three counts against the defendant. (Record, pp. 852-53). On August 31, 2012, the Court denied the

defendant's second motion for a judgment of acquittal made at trial, finding that there was sufficient evidence to submit the contested issues to the jury, including the unauthorized use of business credit cards, intent to defraud, using personal identifying information of another to open another credit card without authority, and unauthorized use of credit cards resulting in a loss in excess of $1,000.  (Record, pp. 95-99).

On September 6, 2012, the defendant filed an additional motion seeking a judgment of acquittal and a new trial. (Record, pp. 100-03).  The Court denied the motion in an Opinion and Order dated October 16, 2012, referring to its previous order and findings therein.   (Record, pp. 108-14).   On November 19, 2012, the defendant was sentenced to a term of imprisonment of 30 months (six months as to Counts 1 and 2 to run concurrently, and a term of 24 months as to Count 3, to run consecutively to the sentence imposed for Counts 1 and 2); supervised release of three years (three years as to Counts 1 and 2, and one year as to Count 3, all to run concurrently); and a special assessment of $300.00.  (Record, pp. 115-20).  Presley was also ordered to pay restitution in the amount of $43,142.60.  (Record, p. 119).

At sentencing, the defendant objected to the amount of restitution.   (Record, p. 861).   The Court, in adopting the Presentence Report ("PSR"), found that the defendant had failed to file any written objections to the PSR and, consequently, the Court

was unable to compare any objections to the testimony and evidence supporting the $43,142.60 amount contained in the PSR. (Record, p. 863).  However, as a consideration to Presley, the Court allowed her an additional 30 days to provide documentation rebutting the amount of restitution set forth in the PSR.  (Record, pp. 863-65).  Presley never submitted any rebuttal evidence within the 30-day window granted by the Court.  Instead, Presley's trial counsel informed the Court at the sentencing hearing that his client (who is also his daughter) was not cooperative in assisting in the preparation of rebuttal evidence, if any, prior to sentencing. (Record, p. 864).

I

Presley's first argument in her Section 2255 Motion is that there was insufficient evidence for the jury to convict at trial. (Docket entry 58, pp. 9-12).  However, the exact same argument was made by Presley in her failed appeal.  United States v. Angela Presley, 540 Fed.Appx. 362 (5th Cir. 2013).  Therefore, the movant is barred from raising the issue on collateral review.  See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); United States v. Rocha, 109 F.3d 225, 229 (5th Cir.1997); United States v. Jones, 614 F.2d 80, 82 (5th Cir. 1980).  Presley's motion on this point shall be denied.

II

Next, movant argues that her counsel, who is also her father, was ineffective in representing her at trial and at sentencing for two reasons. First, she alleges that her counsel asked for "sanctions" rather than asking for a mistrial when a Government witness, who was not released from her subpoena and was anticipated to be called back by the Government in rebuttal, contacted a witness called by the defense and inquired as to that defense witness's testimony.  Second, movant claims that her counsel was ineffective in that he failed to file written objections to the U.S. Probation Office's presentence report. (Docket entry 58, pp. 12-15).  Relief under Section 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Hatten, 167 F.3d 884, 887 n.5 (5th Cir. 1999)(citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992)).  "Section 2255 does not offer recourse to all who suffer trial errors ...."  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

"To prevail on an ineffective-assistance-of-counsel claim, [movant] must satisfy the two-part test enunciated in Strickland v. Washington."  Hatten, 167 F.3d at 887 (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  "First, [movant] must demonstrate that his attorney's performance fell below an objective

4

standard of reasonableness." Id. "Second, [he] must also prove that he was prejudiced by his attorney's substandard performance." Id.; see also Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000).

The Fifth Circuit has stated that "[i]n order to succeed on an ineffective assistance claim, [a movant] must establish that his counsel's performance was deficient, and that this deficiency prejudiced him." United States v. Simpson, 645 F.3d 300, 307 (5th Cir.), cert. denied, 132 S.Ct. 543 (2011) (citing Strickland, 466 U.S. at 687)). "Deficient performance" means "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)(emphasis added)).

To prove prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 695. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the

5

proceeding would not have been different had the attorney raised the issue." United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). Conclusory allegations are insufficient to prove a claim of ineffective assistance of counsel. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000); Barnard v. Collins, 958 F.3d 634, 642 (5th Cir. 1992).

First, movant argues that there was prejudicial error affecting her rights when her "trial counsel failed to adequately plead, argue and request a mistrial" after becoming aware that a Government witness had contacted a defense witness, after that witness had concluded her testimony. The Government, upon being informed by defense counsel during trial that this had occurred, confronted its witness and confirmed it had occurred. The Government then admonished its witness for violating the Court's order and the Government's instructions, and the Government thereafter did not call the witness on rebuttal in light of this impropriety. The defense witness whom the Government's witness contacted had already concluded her testimony, so there was no prejudice or undue influence to this witness. Furthermore, there was no harm or prejudice to the defendant because the defense witness had already concluded her testimony, and the Government's witness was not called in rebuttal. (Record, p. 521)(Docket entry 60, p. 5).

Contrary to movant's current argument, her trial counsel did

contemplate asking for a mistrial, but declined to formally ask for what he viewed as an "extreme" remedy which he indicated he did not want. (Record, p. 528). The Court specifically asked defense counsel whether he was asking for a mistrial, and after consulting with his co-counsel and the defendant, he unequivocally informed the Court that he was not asking for a mistrial. (Record, p. 530). Rather, defense counsel asked for contempt charges against the Government's witness and that she be barred from further testimony. Subsequently, the Government agreed not to call the witness in rebuttal. (Docket entry 60, pp. 5-6). The Court finds that the actions of the defendant's trial counsel on this point did not fall below an objective standard of reasonableness, nor were they so egregious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Nor was the defendant prejudiced by her trial counsel's actions. Movant has failed to overcome the "strong presumption" that her counsel's actions were within the scope of reasonable professional assistance and therefore her motion on this point shall be denied.

Second, movant argues that her counsel was ineffective by failing to file objections to the PSR. (Docket entry 58, pp. 14-15). As recounted at the sentencing hearing, defendant's trial counsel contacted Government's counsel about one week after objections to the PSR were due, and Government's counsel explained to defendant's trial counsel that he was required to file written


objections to anything that his client disagreed with in the PSR and send them to the Court, the Probation Office, and the U.S. Attorney's Office. (Record, pp. 862-863). During the phone call, defendant's trial counsel indicated that he had objections but he did not indicate exactly what they were. (Record, p. 863). The objections were not made known until defendant's trial counsel announced them in open court at the sentencing hearing on November 19, 2012. (Record, pp. 862-863).

In light of this development, the Court granted the defendant 30 days "to come back and show how the court erred and make such amendments as may be proper at that time." (Record, p. 863). In response, defendant's trial counsel stated that "it's been difficult for me to, for lack of a better word, obtain the cooperation of my daughter [the defendant] with regard to these specific amounts." (Record, p. 864). The Court reiterated that defendant's trial counsel would be given "an opportunity within 30 days to come in, counselor, with the cooperation of your client, show me how that's in error. If it is in error, then we will make such adjustments as are appropriate." (Record, pp. 864-65). Even after ordering the defendant's sentence, the court reiterated that the restitution amount ordered would be "subject to what the court has already said about the defendant having the right to submit in writing objections to that, supported by evidence .... But restitution in the amount of 43,142.60 is ordered subject to the

defendant having the right to object to it as we have already stated." (Record, pp. 875-76). No written objections to the PSR were timely filed by the defendant or her trial counsel within 30 days of the sentencing hearing as allowed by the Court.

In its memorandum brief, the Government states that it did receive an email from defendant's trial counsel on March 15, 2013 (which was also addressed to the Court's email), almost four full months after the sentencing hearing. The email purported to be forwarding: (1) an email dated December 19, 2012, (2) written objections to the PSR, and (3) other documents purporting to support the PSR objections. The March 15, 2013 email claimed that such materials had been sent to the Court and the Government on December 19, 2012, "which apparently never made it to your office." The Government states that it never received a December 19, 2012, email from defendant's trial counsel with the attached documents. (Docket entry 60, p. 7 n.3; and Exhibit A).

"Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." United States v. Ollison, 555 F.3d 152, 164 (5th Cir.2009)(internal quotation marks omitted)(citing United States v. Ayala, 47 F.3d 688, 690 (5th Cir. 1995)). The defendant bears the burden of demonstrating that the

information in the PSR is untrue, inaccurate, or unreliable. United States v. Rodriquez, 602 F.3d 346, 363 (5th Cir. 2010); United States v. Gracia, 983 F.2d 625, 630, n.21 (5th Cir. 1993) ("The trial court, however, is free to ignore a defendant's unsworn assertions about the falsehood or unreliability of information in the presentence report."); see also United States v. Valles, 484 F.3d 745, 759 (5th Cir. 2007)("The defendant has the burden of showing that the information relied on by the district court in the PSR is materially unreliable."). A district court need not address claims of factual inaccuracies in the PSR unless the defendant provides rebuttal evidence. See Rodriquez, 602 F.3d at 363; Gracia, 983 F.2d at 630.

Here, trial counsel for defendant received the PSR and reviewed it. Defendant's trial counsel orally raised objections to restitution contained within the PSR at the sentencing hearing, but admitted to the Court that he was having difficulty getting cooperation from the defendant "with regard to these specific amounts." (Record, p. 864). It appears that trial counsel for defendant attempted to adequately raise objections to the PSR as it related to restitution, but was unable to do so as a result of the defendant's own refusal to cooperate. Movant cannot now claim that her trial counsel was ineffective when in fact it was her own intentional failure to assist counsel that prevented him from making objections.

The Court finds that movant's trial counsel represented her effectively throughout all stages of the court proceedings, and movant's conclusory allegations cannot overcome the strong presumption that her trial counsel's conduct fell within the wide range of reasonable professional assistance.

## CONCLUSION

The movant's arguments dealing with insufficiency of the evidence were previously addressed by the Fifth Circuit in the defendant's failed appeal and cannot be reconsidered in a Section 2255 motion.  The movant's allegations of ineffective assistance of counsel fail to overcome the strong presumption that her counsel's conduct fell within the wide range of reasonable professional assistance, as there has been no showing of that her attorney's performance fell below an objective standard of reasonableness or that she was prejudiced by her attorney's alleged substandard performance.  The Court therefore finds that Presley's Section 2255 motion to vacate shall be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED that Angela Presley's Motion to Vacate pursuant to 28 U.S.C. § 2255 **(docket entry 57)** is DENIED.

A final judgment shall issue forthwith, dismissing the petitioner's habeas claim with prejudice.

Because the Court concludes that a reasonable jurist would not find its assessment of the aforementioned constitutional claims

debatable or wrong, IT IS FURTHER HEREBY ORDERED that a Certificate of Appealability (COA) is DENIED. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED, this the 23rd day of October, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE